**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-30515
_____


LIONELL J. DAVIS,

Plaintiff-Appellee,

VERSUS

C.M. LENSING; M. CURTIS, CSO II,

Defendants;

C.M. LENSING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(95-CV-1846)

_____


March 9, 1998
Before POLITZ, Chief Judge, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:[*]


Lionell Davis, a state prisoner, filed suit under 42 U.S.C.

§ 1983 against Warden C. Martin Lensing and "M. Curtis,"[1] alleging

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The prison was unable to identify the "M. Curtis" named in the complaint; he was not served and the district court dismissed him from the suit.

that he was denied a magazine, *The Angolite*, to which he subscribed, and that the prison informed him any copies of the magazine received while he was in extended lockdown would be discarded. After unsuccessfully protesting the decision within the prison system, he filed suit requesting declaratory and injunctive relief. He claims that Hunt Institutional Policy No. 100-C2, which prohibits inmates in disciplinary housing from receiving magazines and newspapers, violates the First Amendment.

Lensing filed a motion for summary judgment, arguing that Davis fails to allege a constitutional violation and that, even if he does allege a violation, qualified immunity protects Lensing from damages. Davis also requested summary judgment.

The magistrate judge denied both motions, suggesting that fact issues exist regarding both the violation of Davis's First Amendment rights and the application of qualified immunity. Lensing pursued an immediate appeal under the collateral-order doctrine. *See Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 531 (5th Cir. 1997). Although orders denying qualified immunity are immediately reviewable only for errors of law, the existence of a genuine issue of material fact does not preclude review if the district court's order determines a question of law. *Id.*

The magistrate judge's refusal to grant the summary judgment motion did determine a question of law: It determined the existence of a clearly established federal or constitutional right

of which a reasonable person would have known.  If no such right existed, qualified immunity would protect Lensing from damages as a matter of law.  *See Hart v. O'Brien*, 127 F.3d 424, 441-42 (5th Cir. 1997).  Because the magistrate judge decided an issue of law in addition to finding the existence of a genuine issue of material fact, we may review his decision on Lensing's claim of qualified immunity.

Davis has not requested monetary damages, but only injunctive relief.  The doctrine of qualified immunity shields government officials from money damages, not suits for injunctive or declaratory relief.  *Chrissy F. by Medley v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).  Qualified immunity is therefore irrelevant to the suit, which must proceed if the magistrate judge finds that Davis has a right to his magazines and that a genuine issue of material fact exists regarding the prison's policy or Lensing's application of it.

For this reason, we AFFIRM the denial of summary judgment. This matter is REMANDED for further proceedings.